UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN SIMMONS; DAVID MARSTERS, by his next friend, Nancy Pomerleau; LORRAINE SIMPSON, by her guardian, Sarah Spooner; SHERRI CURRIN, by her guardian, Sara Spooner; CAROLE CHOJNACKI, by her guardian, Sara Spooner; RICHARD CAOUETTE, by his guardian, Sara Spooner; DONALD GRANT, by his guardian, Sara Spooner, on behalf of themselves and other similarly situated persons; and MASSACHUSETTS SENIOR ACTION COUNCIL,<br><br>       Plaintiffs,<br><br>  v.<br><br>CHARLES D. BAKER, in his official capacity as Governor of the Commonwealth of Massachusetts; MARYLOU SUDDERS, in her official capacity as Secretary of the Massachusetts Executive Office of Health and Human Services; MICHAEL J. HEFFERNAN, in his official capacity as Secretary of the Massachusetts Executive Office of Administration and Finance; ELIZABETH CHEN, in her official capacity as Secretary of the Massachusetts Executive Office of Elder Affairs; and AMANDA CASSEL KRAFT, in her official capacity as Assistant Secretary for MassHealth in the Massachusetts Executive Office of Health and Human Services,<br><br>       Defendants. | Civil Action No.<br>22-cv-11715-PBS |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED CLASS DISCOVERY

Defendants hereby oppose the Plaintiffs' motion to take class discovery at this

preliminary stage of litigation[1] because the early discovery they seek is inconsistent with the

---

[1]  Defendants object to the Plaintiffs' claim that Defendants' counsel "refused to engage in limited discovery for purposes of class certification." *See* Plaintiffs' Memorandum in Support of Motion for Limited Class Discovery, ECF No. 33 ("Pl. Mem.") at 2, n.1. Defendants' counsel

Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules for the District of Massachusetts ("Local Rules"), would unfairly prejudice the Defendants, and is neither necessary nor appropriate.

## I.      Class Discovery at This Stage Is Premature and Is Not Normally Authorized Under the Federal and Local Rules

Plaintiffs' request to open discovery at this early date, before Defendants have even filed a response to the Complaint and well in advance of the parties' deadline to confer about a discovery plan pursuant to Federal Rule 26(f), is premature.

The Federal Rules and the Local Rules lay out an orderly progression of events leading to discovery. Federal Rule 16 provides for pretrial conferences for purposes that include setting a scheduling order that addresses the timing and extent of discovery. *See* Fed. R. Civ. P. 16(a), (b), & (c). The Local Rules provide that a Rule 16 conference largely focused on setting a discovery schedule "shall" be convened in most cases. Local Rule ("L.R.") 16.1(a). Federal Rule 26(f) requires the parties to confer "as soon as practicable" and "in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). The Local Rules also require the parties to convene their Rule 26(f) conference at least 21 days before the Court holds the Rule 16(b) conference. *See* L.R. 16.1. At that meeting, counsel are instructed to "prepar[e] a proposed pretrial schedule for the case that includes a plan for discovery." L.R. 16.1(b)(2). Further, seven days before the scheduling conference, the parties must submit a joint statement that includes a "joint discovery plan scheduling the time and length for all discovery events." L.R. 16.1(d)(1). Following the scheduling conference, the Court "shall

---

has, at all relevant times, acknowledged that class discovery is likely to be necessary *at some point* in this case, but they have opposed *early* discovery for reasons that are stated herein.

enter a scheduling order that will govern the pretrial phase of the case," including discovery deadlines. *See* L.R. 16.1(f).

Here, the Defendants have not yet responded to the Complaint and no date for a Rule 16(b) scheduling conference has been set.[2] Thus, the deadline for the parties to confer pursuant to Rule 26(f) and to propose a discovery plan – including the possibility of bifurcated discovery to include a phase of pre-certification class discovery – has not yet occurred. Plaintiffs are therefore not entitled under the Federal Rules to propound discovery requests at this time unless ordered by the Court. *See* Fed. R. Civ. P. 26(d)(1) (subject to exception not applicable here, party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, stipulation, or by court order").

None of the cases cited in Plaintiffs' memorandum suggest that the Court should take the unusual step of ordering early class discovery in this case, well before a Rule 26(f) conference has been held. The cases within the First Circuit on which Plaintiffs purport to rely, Pl. Mem. at 7-8, do not involve requests for class discovery made *prior* to the Defendants' responsive pleading deadline or the Court's Rule 16 scheduling conference. *See Lawson v. FMR LLC*, 554 F. Supp. 3d 186, 192 (D. Mass. 2021) (allowing motion to dismiss before class certification was addressed); *Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 41 (1st Cir. 2003) (reversing an order entered several years after the filing of the lawsuit that decertified a class and denied a motion to substitute a new class representative); *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800,

---

[2]    The parties jointly moved at the outset of the case for a scheduling order including a requirement that the Defendants respond to the Complaint on or before December 16, 2022; that motion was allowed. *See* ECF Nos. 27 & 29. Earlier this week, the Defendants filed an unopposed motion for a further extension through January 16, 2022. *See* ECF No. 34.  The Defendants' motion for a further extension was allowed on December 13, 2022.  *See* ECF No. 35.

1804 (2018) (dismissing follow-on class action filed past the expiration of a statute of limitations); *Tigges v. AM Pizza, Inc.*, Civ. Action Nos. 16-10136-WGY, 16-10474-WGY, 2016 WL 4076829, at *1 (D. Mass. July 29, 2016) (granting motion for class certification and denying motion to dismiss). At most, these cases repeat the non-controversial principle derived from the Federal Rules that class certification should be decided at "an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). But, as discussed in greater detail below, commencing discovery now, before the parties have even conferred on a discovery plan, is not "practicable" and would unfairly prejudice the Defendants.

II.     **Class Discovery at This Stage Would Unfairly Prejudice the Defendants**

Plaintiffs' request for an early opening of discovery is not only inconsistent with procedural rules, it would also be prejudicial to the Defendants. It is unreasonable and impracticable to place on the Defendants the burden of responding to a lengthy Complaint while, at the same time, responding to discovery – especially the extensive and overbroad discovery contemplated by the Plaintiffs in the proposed First Set of Requests for Production attached to the Plaintiffs' motion as Exhibit 4. ECF No. 32-4; *see* Fed. R. Civ. P. 26(b)(1) (providing that scope of discovery must be tailored to "the parties' resources" and "burden or expense of the proposed discovery").

The Federal and Local Rules anticipate initiation of discovery *after* the Rule 16(b) scheduling conference for good reason: to allow the orderly proceeding of the case, taking into account the positions of the parties as to a reasonable and achievable schedule for each stage of the litigation, and only *after* the parties have conferred regarding a discovery plan. The Court's broad discretion in managing pre-trial litigation includes ample authority to insist that the parties conduct pre-trial discovery in an orderly way, in accordance with the applicable rules. *See*

*Serrano-Perez v. FMC Corp.*, 985 F.2d 625, 628 (1st Cir. 1993) ("The broad measure of discretion enjoyed by the district courts in managing the litigation before it includes the control of pre-trial discovery.")

Here, the Defendants are diligently working to prepare and file a response to a Complaint that cannot reasonably be called a "short and plain statement" of the Plaintiffs' claims. *See* Fed. R. Civ. P. 8(a)(2). The Plaintiffs' 60-page pleading asserts four statutory claims for relief on behalf of a putative class, and a fifth claim for relief on behalf of a putative sub-class, related to the Commonwealth's administration of benefits for adults with certain disabilities who are in need of long-term care. *See* ECF No. 1. The Complaint includes 214 paragraphs of allegations against five state agencies and seeks, among other things, certification of a class and sub-class, declaratory judgments, and sweeping permanent injunctive relief. *See id.*

The Defendants require sufficient time to make a reasonable inquiry into the Plaintiffs' voluminous factual claims while, at the same time, reviewing the law asserted in a Complaint rife with legal conclusions. *See*, *e.g.*, ECF No. 1 ¶¶ 44-70. Further, counsel for the Defendants must coordinate a response on behalf of multiple State agencies and provide reasonable time for sufficient review of the Defendants' responsive pleading. Forcing the Defendants to simultaneously respond at this early stage to the Plaintiffs' discovery requests would hinder rather than assist the orderly progression of this litigation.[3]

---

[3]    The discovery sought also implicates health and personal information that is subject to various state and federal privacy protections. As the Plaintiffs acknowledge, the parties are actively negotiating the provisions of a protective order to ensure the confidentiality of all health and personal information. Pl. Mem. at 2, n.2. Defendants' counsel are working diligently to identify all relevant state and federal privacy provisions, as well as to determine the extent to which they can be addressed through a protective order (including any limitations thereon). This research takes considerable time and attention and the resulting proposals as to the protective order will need to be negotiated with Plaintiffs' counsel before any discovery responses including health and personal information can be produced.

### III.    Early Discovery Is Neither Necessary nor Appropriate in This Case

The Plaintiffs' assertion that early class discovery is "necessary" and "appropriate" in this case, Pl. Mem. at 5, is based entirely on two allegations, neither of which support the Plaintiffs' request. First, the Plaintiffs claim that the Defendants have adopted a litigation strategy of "picking off" the named individual Plaintiffs by mooting their claims so as to block certification of a class. *See* Pl. Mem. at 5-7. But as explained below, that claim is entirely speculative. Second, the Plaintiffs claim that the Defendants have been improperly objecting to a set of requests for documents or data made by Plaintiffs' counsel under the Commonwealth's Public Records Law, G.L. c. 66, § 10 ("PRL"). *See* Pl. Mem. at 8-10. This second argument improperly invites the Court to opine on a matter of state law in a pending administrative matter that is not and cannot be brought before this Court. In short, neither allegation in the Plaintiffs' motion is a valid basis for the unusual early discovery that they request. *Cf. Higgins v. Huhtamaki, Inc.*, No. 1:21-CV-00369-NT, 2022 WL 523344, at *1, n.3 (D. Me. Feb. 21, 2022) ("Even though the current version of [the Federal] [R]ules 'does not say so, it is implicit that some showing of good cause should be made to justify' an order permitting early discovery." (citing 8A Richard L. Marcus, Federal Practice and Procedure § 2046.1)).

### A.  Defendants' Litigation Strategy

The Plaintiffs, in the affidavits submitted in support of their motion, ECF Nos. 32-1, 32-2, set forth a series of innocuous facts related to recent contacts between employees of various State agencies, on the one hand, and, on the other, Plaintiff David Marsters, his sister, and Sara Spooner, the Guardian to five of the individually named Plaintiffs. From those facts, the Plaintiffs surmise an intent on the part of the Defendants to engage in a strategy of deliberately mooting the claims of potential class representatives so as to avoid certification of a class. The

Plaintiffs' assertions ignore, however, that the Defendants are represented by counsel who have pursued no such goal. It is the Defendants' counsel — and not State agency employees — who are responsible for developing a litigation strategy in this case. And Defendants' counsel have not filed any motion grounded in assertions of mootness. Further, prior to filing the instant motion, Plaintiffs' counsel did not offer Defendants' counsel a reasonable opportunity to discuss the possibility that there may be mutually agreeable ways to address their concern. In short, the Plaintiffs' assumptions about the Defendants' counsel's litigation strategy do not provide a sufficient basis for their premature request for class discovery.

### B. The Plaintiffs' PRL Request

The Plaintiffs also attach an affidavit concerning a public records request made by Plaintiffs' counsel prior to the start of this litigation for certain information related to nursing facility admissions. ECF No. 32-3. But the Plaintiffs' separate and distinct efforts to obtain information through the State's PRL should have no bearing on the timing and scope of discovery in this litigation.

Plaintiffs' PRL request cannot be addressed or resolved in this Court. The PRL lays out an administrative process, including both administrative and judicial appeals in state courts, for requesters who are unsatisfied with the response of an agency to a PRL request. *See* G.L. c. 66, § 10(b)(ix). Indeed, the Plaintiffs have taken advantage of their available recourse under the PRL by submitting a letter requesting relief to the Supervisor of Records this week, on December 14, 2022. As the Plaintiffs know, this Court is not the appropriate forum for consideration of the merits of the agency's response to the Plaintiffs' PRL request. *Id.; see also Fast Enterprises, LLC v. Pollack*, No. 16-CV-12149-ADB, 2018 WL 4539685, at *4 (D. Mass. Sept. 21, 2018) (dismissing for lack of jurisdiction a claim purportedly brought under the Federal Defense Trade

Secrets Act to prevent MassDOT from disclosing trade secrets in response to a PRL request and concluding that, "as the federal statute does not provide for a cause of action in these circumstances, this issue must be resolved by the state courts or the state legislature"). In any case, the materials sought in the PRL request and those that Plaintiffs propose to request in the Rule 34 requests attached to their motion are not the same. *Compare* ECF 32-3 at 4-5 *with* ECF 32-4; *see also* Pl. Mem. at 2 (noting that only "some of" Plaintiffs' proposed requests for production of documents were previously sought through their PRL request). Thus, the Plaintiffs' PRL request seeks information quite different from the material the Plaintiffs wish to discover through the instant motion, and is wholly irrelevant to the question whether the Plaintiffs should be permitted to commence early discovery.

## IV.    Conclusion

Counsel for the Defendants fully intend to participate appropriately in developing a discovery plan in accordance with Federal Rule 26(f) that will address the timing and scope of any necessary class discovery. However, it is both impracticable and unusual for the Plaintiffs to engage in class discovery before the Defendants have even filed a responsive pleading and before the parties have conferred to develop a discovery plan in advance of a Rule 16 scheduling conference. For the foregoing reasons, the Court should deny the Plaintiffs' motion for early class discovery and allow this case to proceed in the usual course through the pleading phase, with discovery to proceed as ordered following a Rule 16(b) scheduling conference.[4]

---

[4]    Should the Court allow the Plaintiffs' present motion and permit the Plaintiffs to serve the Requests for Production of Documents attached as Exhibit 4 to their present motion, the Defendants reserve all rights to object to the particular requests for production in the time set forth in Federal Rule 34(b)(2)(A) and/or to assert any other rights they may have in connection with discovery requests under the Federal and Local Rules.

Respectfully submitted,

*/s/ Jennifer E. Greaney*
Jennifer E. Greaney, BBO No. 643337
Christine Fimognari, BBO No. 703410
Grace Gohlke, BBO No. 704218
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108-1698
(617) 963-2855
(617) 963-2206
(617) 963-2527
jennifer.greaney@mass.gov
christine.fimognari@mass.gov
grace.gohlke@mass.gov

December 15, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above document, filed electronically through the Court's electronic case filing system on December 15, 2022, will be sent electronically to all parties registered on the Court's electronic filing system, and paper copies of the document will be sent by first class mail, postage pre-paid, to non-registered parties.

*/s/ Jennifer E. Greaney*
Jennifer E. Greaney

December 15, 2022