UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN SIMMONS, et al., on behalf of themselves and other similarly situated persons,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>MAURA HEALEY, in her official capacity as Governor of the Commonwealth of Massachusetts,[1] et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 22-11715-PBS |

ORDER ON JOINT MOTION FOR PROTECTIVE ORDER
[Docket No. 42]

March 7, 2023

Boal, M.J.

The parties have filed a joint motion for entry of a stipulated protective order governing the disclosure of certain confidential information in this action. Docket No. 42.[2] Although the parties agree that entry of a protective order is necessary and have reached agreement on many terms, they are unable to agree on several provisions. For the following reasons, this Court makes the rulings below.

---

[1] Maura Healey, who is now the governor of the Commonwealth of Massachusetts, is substituted for former governor Charles D. Baker as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] On February 6, 2023, Judge Saris referred the motion to the undersigned. Docket No. 48.

1

I.     BACKGROUND

Plaintiffs are persons with disabilities who have resided in nursing facilities in Massachusetts.  Plaintiffs, individually and on behalf of a class of similarly situated persons, allege that the Defendants' system of delivering long term care unnecessarily institutionalizes individuals with disabilities, routinely segregates and isolates them from the community, and fails to provide timely access to existing community residential services and support programs.  See generally Complaint at ¶¶ 1-13, 113-120.  Plaintiffs allege that the Defendants' long term care system violates the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Medicaid Act and seek declaratory and injunctive relief.  Id. at ¶ 13 and Prayers for Relief.

The parties have conferred and attempted to reach agreement on the scope of a stipulated protective order governing the disclosure of confidential information in discovery.  Although they have agreed on many terms, there remain areas of disagreement.  Specifically, they disagree regarding provisions governing (1) the disclosure of information subject to data-sharing agreements, (2) the disclosure of substance abuse disorder patient records, (3) methods of de-identification to protect the confidentiality of class members, and (4) Defendants' proposed non-waiver language.

II.    ANALYSIS

   A.    The Plaintiffs' Original Proposal

The Plaintiffs originally proposed a protective order that was based on one entered in 2007 in another case against the Commonwealth of Massachusetts.  Docket No. 42-1.  The Defendants then proposed a different, more complex protective order.  Docket No. 42-2; see also Docket No. 42-3.  The Plaintiffs request that this Court adopt its original proposed protective

order. Docket No. 43 at 5. Nevertheless, they have, in the alternative, proposed changes to the Defendants' form of protective order. Docket No. 42-4. In deciding between the competing proposals, this Court finds it appropriate to use as a starting point the Defendants' January 27, 2023 proposed form of protective order (Ex. 2B, Docket No. 42-3).

      B.      Data Sharing Agreements (¶ 2)

The Defendants represent that some of the discoverable confidential information in this case may be subject to data sharing agreements between the Defendants and other state or local agencies or the federal government. The Defendants' version of the protective order would exempt such information from the protective order and would require further judicial intervention where a data-sharing agreement may be implicated. See Docket No. 42-3 at ¶ 2. The Plaintiffs' version, on the other hand, would make such information subject to the protective order while still allowing the Defendants to object to the disclosure of information subject to data sharing agreements. The Plaintiffs' approach minimizes the need for judicial intervention while preserving the Defendants' right to object on the basis of data-sharing agreements with the federal government. The Plaintiffs' proposal, however, allows Defendants to object on the basis of data sharing agreements with the federal government only. The Defendants should be able to object based on data sharing agreements between them and other state or local agencies. Therefore, this Court adopts the Plaintiff's proposal with respect to paragraph 2 but modified to include data sharing agreements between the Defendants and other state or local agencies.

      C.      Substance Abuse Disorder Patient Records (¶ 5)

Plaintiffs argue that the protective order should include substance use disorder information as part of confidential information that may be disclosed subject to the protective order. Docket No. 43 at 9-12. I disagree.

"In the interest of guaranteeing the efficacy of substance abuse treatment programs, Congress has directed that all substance abuse treatment records be kept confidential." United States v. Shinderman, 515 F.3d 5, 11 (1st Cir. 2008) (citing 42 U.S.C. § 290dd-2(a)). Information contained in substance abuse records is divided into two categories: confidential and non-confidential communications. U.S. ex rel Chandler, v. Cook Cnty., Ill., 277 F.3d 969, 982 (2nd Cir. 2002). In the absence of patient consent, confidential communications may be disclosed by court order only if:

(1) The disclosure is necessary to protect against an existing threat to life or of serious bodily injury, including circumstances which constitute child abuse and neglect and verbal threats against third parties;
(2) The disclosure is necessary in connection with investigation or prosecution of an extremely serious crime, such as one which directly threatens loss of life or serious bodily injury, including homicide, rape, kidnapping, armed robbery, assault with a deadly weapon, or child abuse and neglect; or
(3) The disclosure is in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications.

42 C.F.R. § 2.63(a). "Absent one of the enumerated exceptions, a court may not order disclosure of a patients' confidential communications, even if the party seeking the communications establishes good cause and needs to use the protected records to prove its case." U.S. ex rel. Gelfand v. Special Care Hosp. Mgmt. Corp., No. CV 02-6079(LDW)(ETB), 2010 WL 2399693, at *3 (E.D.N.Y. June 10, 2010) (citations omitted). "[T]he regulations place the need for confidentiality to assure successful [substance abuse] treatment above a party's evidentiary needs, even if that information is of vital importance to the party." Id. Therefore, some courts have rejected the argument that disclosure of confidential communications is allowed where patient identifying information has been redacted. See id.

A court may order disclosure of non-confidential communications upon a finding of good cause. See 42 C.F.R. § 2.64(d).  Specifically, the court must find that: "[o]ther ways of obtaining the information are not available or would not be effective" and "[t]he public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services." Id.  The patient must be given notice of a person's application to obtain the patient's substance use disorder records and an opportunity to file a response to the application.  See 42 C.F.R. § 2.64(b).

Therefore, an order allowing for the disclosure of substance use disorder records requires specific findings that this Court is unable to make in the context of a blanket protective order.[3] Rather, such findings are better made in the context of specific discovery requests.  Accordingly, this Court adopts the Defendants' proposal with respect to paragraph 5.

D.     Methods Of De-Identification (¶ 8)

The parties disagree as to the proper method of de-identifying class members and protecting their confidentiality.  The Defendants' proposal is unnecessarily complicated. Accordingly, this Court adopts the Plaintiffs' proposal with respect to paragraph 8.

E.     Defendants' Non-Waiver Language (¶¶ 17-19)

The Defendants have proposed several provisions preserving their right to object to the production of materials on substantive grounds.  See Docket No. 42-3 at ¶¶ 17-19.  Defendants correctly point out that while they have agreed that it is appropriate to facilitate the production of confidential information through the adoption of a protective order, they should still be allowed to assert any substantive objections they have to the discovery of such information, including

---

[3] Plaintiffs argue that specific findings are not necessary given language in 42 U.S.C. § 290dd-2 and that this Court can issue a blanket order.  Docket No. 43 at 10.

matters such as privilege.  See Docket No. 44 at 14.  The language proposed by the Defendants, however, is too broad and runs the risk of frustrating the purpose of the protective order by providing a defense to production solely on the basis that the information is confidential.  For example, Defendants' proposed paragraph 17 provides that a party may object to the production or use of confidential information on the grounds that it is "overly broad, unduly burdensome, or oppressive for any reason, including that it contains Confidential Information."  Docket No. 42-3 at ¶ 17 (emphasis added).  It also attempts to adopt specific legal analysis that the Defendants contend ought to govern objections based on qualified privilege.  See id. at ¶ 18.  The Plaintiffs' proposal, on the other hand, preserves the Defendants' right to object to discovery requests on substantive grounds, including qualified privileges, without frustrating the purpose of the protective order or making rulings about the specific legal analysis applicable to such objections.  Accordingly, this Court adopts the Plaintiffs' proposals with respect to paragraphs 17 to 19.

  Within one week, the parties shall file a proposed stipulated protective order consistent with this opinion.

  **So Ordered**.

                    /s/ Jennifer C. Boal
                    JENNIFER C. BOAL
                    U.S. MAGISTRATE JUDGE