UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN SIMMONS;<br>DAVID MARSTERS,<br>by his next friend, Nancy Pomerleau;<br>LORRAINE SIMPSON, by her guardian, Sara Spooner;<br>SHERRI CURRIN, by her guardian, Sara Spooner;<br>CAROLE CHOJNACKI, by her guardian, Sara Spooner;<br>RICHARD CAOUETTE, by his guardian, Sara Spooner;<br>DONALD GRANT, by his guardian, Sara Spooner,<br>on behalf of themselves<br>and other similarly situated persons; and<br>MASSACHUSETTS SENIOR ACTION COUNCIL,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>MAURA HEALEY, in her official capacity<br>as Governor of the Commonwealth of Massachusetts;<br>KATE WALSH, in her official capacity as<br>Secretary of the Massachusetts Executive<br>Office of Health and Human Services;<br>MATTHEW GORZKOWICZ, in his official capacity<br>as Secretary of the Massachusetts Executive Office of<br>Administration and Finance; ELIZABETH CHEN,<br>in her official capacity as Secretary of the Massachusetts<br>Executive Office of Elder Affairs; and<br>MICHAEL LEVINE, in his official capacity as<br>Assistant Secretary for MassHealth<br>in the Massachusetts Executive Office of<br>Health and Human Services,<br><br>　　　　　Defendants. | CIVIL ACTION NO.<br>1:22-cv-11715 |

**PROTECTIVE ORDER**

Upon the above-captioned parties' Joint Motion for Protective Order, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby **ORDERED** as follows:

1.　　This Order governs certain confidential information (defined in paragraph 3 below) that may be produced for the review of counsel in discovery and/or in connection with

negotiations, and/or may be filed with the Court, in the matter of *Simmons, et al. v. Healey, et al.*, No. 1:22-cv-11715 (the "Action").

2. "Shared data", as used herein includes: Any information or data within the Defendants' possession, custody, or control that was provided to any one or more Defendants by federal or other state or local agencies solely pursuant to data-sharing agreements. The Defendants have reserved all rights to object to the production of Shared Data on any and all available grounds.

3. The term "Confidential Information" as used herein means:

(i) The full actual names of the individual Plaintiffs and/or members of the putative or any certified plaintiff class in the Action or their family members, and/or any derivatives of those names that would be sufficient to identify those individuals, insofar as the names or derivatives thereof are included in documents, records, written discovery (such as interrogatories and requests for admissions) and responses thereto, and/or deposition testimony;

(ii) all images (whether photographs or videos) that depict the faces of the individual Plaintiffs and/or members of the putative or any certified plaintiff class or their family members;

(iii) the full actual names (and/or any derivatives of those names that would be sufficient to identify individual persons) of residents of Massachusetts nursing facilities ("NFs") or other persons who receive services from any of the above-named Defendant agencies (including members of MassHealth), regardless of whether they are or may be individually named Plaintiffs or members of the putative or any certified class;

(iv) all images (whether photographs or videos) that depict the faces of residents of NFs or other persons who receive services from any of the above-named defendant agencies (including recipients of MassHealth) regardless of whether they are or may be individually named Plaintiffs or members of the putative or any certified class, except insofar as those images have been previously published or disseminated to the public through government publications, news media, or otherwise;

(v) with respect to MassHealth applicants and recipients in particular, to the extent the following is associated or easily associated with individual persons: (1) their names and residential addresses (not including names and addresses of NFs where they may reside), (2) medical services provided to them, (3) their social and economic conditions or circumstances, (4) MassHealth's evaluation of their personal information, (5) their medical data, including diagnoses and past history of disease or disability, (6) information received by any agency for purposes of verifying their income eligibility and amount of medical assistance payments; and (7) any information received in connection with the identification of legally liable third-party resources;

(vi) all "protected health information" ("PHI") of any person as described in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations as promulgated at 45 CFR Parts 160 and 164 (including 45 CFR §160.103), as well as all information protected as confidential under analogous provisions of Massachusetts law, including but not limited to M.G.L. c. 111, § 70, and regulations of MassHealth and the Department of Public Health;

(vii) all "personal data," as defined in G.L. c. 66A, § 1, and incorporated by reference in 801 CMR 3.01(3), that is in the possession of the Executive Office for

3

Administration and Finance, the Executive Office of Health and Human Services, or any other agency listed in 801 CMR § 3.03(2), or any subdivision thereof, and which would be protected from dissemination under 801 CMR § 3.03 if it were not disseminated pursuant to the exceptions set forth in 801 CMR § 3.03(a) and (d) or pursuant to any other provision of 801 CMR 3.01, *et seq.*;

    (vii) "personal information" as defined in G.L. c. 93H, § 1; and

    (viii) all information listed in Fed. R. Civ. P. 5.2(a).

4.     The confidentiality of substance abuse disorder patient records is governed by federal regulations found at 42 CFR Part 2 (§§ 2.1, *et seq.*), which regulations are promulgated by the United States Secretary for Health and Human Services pursuant to 42 U.S.C. § 290dd-2(g). For the purposes used herein, in addition to the categories of Confidential Information described in Para. 3 above, the phrase "Confidential Information" includes "Patient Identifying Information" as that term is defined in 42 CFR § 2.11 (which incorporates the definition of "Patient" set forth in that same section) (hereinafter, "SUD-PII"). SUD-PII does not include a number assigned to a patient for internal use by a "Part 2 Program," as defined in 42 CFR §§ 2.11 & 2.12, if the number does not consist of or contain numbers that could be used to identify a patient with reasonable accuracy from sources external to the Part 2 Program (such as social security or driver's license numbers).

5.     No SUD-PII may be supplied by the Defendants to Plaintiffs' counsel, pursuant to discovery requests or otherwise, unless and until either: (i) each patient's consent has been obtained, consistent with 42 CFR §§ 2.31-33, or (ii) the requirements of 42 CFR §§ 2.64 & 2.66 have been met by issuance of a Court order (separate from this Order) authorizing disclosure and use of SUD-PII on conditions consistent with all provisions of 42 CFR §§ 2.64 & 2.66 (including a finding by the Court that "good cause" exists for entry of the order, *see* 42 CFR § 2.64(d)). For purposes of

§ 2.64(e)(3), any order authorizing disclosure and use of SUD-PII must require that, if documents containing SUD-PII are filed with the Court, the SUD-PII contained therein will be protected from public disclosure by pre-filing redaction of the SUD-PII and/or an order permitting unredacted versions of the documents to be filed under seal.

   6. This Protective Order shall serve as a "qualified protective order" under HIPAA and its implementing regulations, including but not limited to 45 C.F.R. § 164.512(e)(ii)(B), (e)(1)(i), and (e)(1)(v). Further, in the event any Party produces PHI to any opposing Party's counsel, and with all available objections to such production reserved, this Order "expressly authorizes" for purposes of HIPAA the disclosure of PHI in response to discovery requests in the above-captioned matter and/or in connection with confidential settlement discussions and/or confidential alternative dispute resolution proceedings (such as mediation), pursuant to 45 CFR § 164.512(e)(1)(i). To the extent formal discovery is taken from third parties in association with the above-captioned matter, pursuant to the Federal Rules of Civil Procedure (such as Rules 30 & 45), this Order shall also serve as a qualified protective order under HIPAA and the above-referenced implementing regulations for purposes of such third parties' responses to discovery.

   7. Given the volume of Confidential Information likely to be relevant to the Action and the time sensitive nature of responding to discovery requests under the Federal Rules of Civil Procedure, the Court hereby finds that notice to persons whose Confidential Information is produced or disseminated pursuant to this Order in connection with litigation or settlement of the Action "would probably so prejudice the administration of justice that good cause exists to delay or dispense with such notice" for purposes of 801 CMR § 3.03(a). Accordingly, this Order shall also serve as an order entered pursuant to 801 CMR § 3.03(a) to dispense with any requirement to

provide the notice described in G.L. c. 66A, § 2(k), either prior to or after such production or dissemination, for purposes of this Action only.

8.  Subject to any contrary orders of this Court, any document, testimony, or other material containing Confidential Information may be submitted to the Court publicly in a pleading other than the Complaint, filing, hearing, trial, or other proceeding in the Action so long as the Confidential Information set forth therein has been "de-identified," such that it cannot be linked by members of the public with any living individual. This may be accomplished through: (i) redaction of names and other identifying information; (ii) use of one or more pseudonyms; (iii) use of first and last initials where written consent of the person has been obtained and forwarded to counsel for all Parties prior to the public disclosure of Confidential Information, which consent is hereby given by counsel for the Plaintiffs with respect to the individual named plaintiffs; or (iv) any other way agreed upon by counsel for the Parties. Notwithstanding the requirements set forth herein, the person who is the subject of such Confidential Information, or that person's legal guardian, may authorize its use for any purpose. Additionally, and as an alternative to the procedures described above, Confidential Information may be submitted to the Court under seal upon a motion allowed by the Court.

9.  In addition to the requirements set forth in Paragraph 8 above, any Party publicly filing documents containing Confidential Information must redact prior to filing all personal identifying information described in: (i) G.L. c. 93H, § 1; (ii) Fed. R. Civ. P. 5.2(a); and (iii) the District of Massachusetts's Case Management/Electronic Case Files Administrative Procedures at Part N (pp. 14-15). Information that must be redacted from all documents publicly filed with the Court includes (without limitation, and regardless of whether the document includes a name or part thereof of any individual): (i) social security numbers; (ii) driver's license numbers or state-issued

identification card numbers; (iii) full birth dates of individuals; and (iv) the names of minor children. Notwithstanding that this Action is a civil matter and not a criminal case, street addresses of identified individuals shall also be redacted from public filings, but this requirement does not include redaction of the names and addresses of NFs where individually named Plaintiffs or other identifiable persons reside. Further, the unmarried name of a person's parent or the former name of a person's parent (where the parent's former name has been changed as a result of marriage or for any other reason) shall be redacted from public filings, except that a person's last name need not be redacted solely for the reason that they share a last name with their parent or grandparent. Notwithstanding the above, an identifiable or de-identified person's year of birth need not be redacted from a public filing.

      10.    Nothing contained herein requires any of the Plaintiffs or Defendants or their counsel to redact any Confidential Information in any documents or materials prior to disclosure of the documents or materials to counsel for another Party with an appearance in the Action – whether pursuant to formal discovery, informal discovery, or settlement discussions. Further, nothing contained herein requires any of the Parties to designate any documents or materials produced pursuant to this Order as "Confidential," or to otherwise indicate to any recipient described in Paragraph 12 *infra* that Confidential Information is present in the documents or materials. Once documents, testimony, or materials containing Confidential Information have been disclosed to counsel for a Party under this Order, any Party seeking to use those documents, testimony, or material in connection with any public event or public filing in the Action is solely responsible for reviewing the documents, testimony, or materials to identify Confidential Information and for complying with all provisions of this Order (and in particular, Paragraph 8 & 9) intended to keep such Confidential Information outside of the public view.

11. In the event that any Party to or witness in the Action is the subject of Confidential Information and voluntarily discloses that Confidential Information through documents or materials publicly filed with the Court (whether or not through their counsel), or through the voluntary submission to the Court of testimony or declarations, or through representations or stipulations made by their counsel in open Court, the Confidential Information that has been voluntarily disclosed will no longer be considered "Confidential Information" for purposes of live testimony in Court. However, to the extent Confidential Information is publicly filed with the Court, through Pacer or otherwise, the requirements of Paragraphs 8 & 9 apply notwithstanding prior voluntary disclosure of the same Confidential Information. Further, if any Confidential Information is inadvertently publicly disclosed or is improperly publicly disclosed without actual authorization of the person who is the subject of the Confidential Information or that person's legal guardian, the counsel responsible for the disclosure shall notify all other counsel of the same. Upon receipt of such notice, all counsel and Parties shall treat the subject information or material as Confidential Information for all purposes under this Order, notwithstanding the inadvertent or improper prior disclosure.

12. All documents, transcripts, and/or other materials that contain Confidential Information shall be treated and maintained in a manner that precludes access by any person or entity not entitled to access Confidential Information under this Protective Order. Confidential Information shall be disclosed only to the following persons/entities (except as provided in Paragraphs 8, 9, & 11 where the disclosure is in a public filing or during a public proceeding):

(a) counsel and any firm/entity that has filed an appearance, including legal, paralegal, secretarial, legal intern, and clerical personnel who are engaged in assisting such counsel in this matter;

(b) any investigator, outside expert, or consultant who is employed or engaged by counsel in this litigation, and employees and assistants under the control of such investigator, expert, or consultant;

(c) any employee of a party who is requested by counsel for such party to work directly on this matter;

(d) any deposition or trial witness;

(e) any person who authored or originally received the Confidential Information sought to be disclosed to that person;

(f) any court or other reporter or typist recording or transcribing testimony;

(g) the Court, its clerks, and court personnel;

(h) any person designated by the Court in the interests of justice, upon such terms as the Court deems proper.

13. Confidential Information shall not be disclosed to persons described in paragraphs 12(a) through (e), above until such persons have been provided with a copy of this Order and have agreed to abide by and comply with the terms and provisions herein. Further, persons described in subparagraphs 12(b) and (d) *supra* shall also be required to execute a copy of the Protective Order Agreement, attached hereto as Exhibit A.

14. In the event any of the Defendants to the Action or their counsel are the recipients of Confidential Information not previously within their possession, custody, or control that is disclosed to the Defendants or their counsel pursuant to this Order, no such Confidential Information may be further disclosed by the recipient of that Confidential Information in response to a request made under the Massachusetts Public Records Law (M.G.L. c. 66, § 10) ("PRL"), absent an Order from this Court permitting such disclosure, except insofar as the Confidential Information has already

been publicly disclosed (through Court filing or otherwise). In considering whether to issue a disclosure order in response to such a request, the Court will follow the approach outlined by the Supreme Judicial Court of Massachusetts in *Commonwealth v. Fremont Investment & Loan*, 459 Mass. 209 (2011). It shall be the responsibility of the recipient of the PRL request to inform any requester of this procedure where their PRL request may implicate this Order. Further, Confidential Information produced or disclosed (and not received) by the Defendants pursuant to this Order will remain subject to the PRL to the same extent and in the same way such information it would otherwise be subject to the PRL in the absence of any disclosure made pursuant to this Order.

15. Confidential Information disclosed pursuant to this Order may not be used by the recipient for any purpose other than the proceedings in the Action, unless further disclosure is required by law or by Court order.

16. Any Party may apply to this Court for relief from, enforcement of, and/or modification of this Order, or for additional protective orders. In addition, the parties may mutually agree to seek a modification of this Order.

17. This Order shall not prevent any Party from raising any available objection to the production or use of Confidential Information in the course of discovery or at trial, including, without limitation: (i) an objection that the material requested and/or Confidential Information included therein is beyond the scope of discovery pursuant to Fed. R. Civ. P. 26(b)(1); (ii) an objection that any request for production is overly broad, unduly burdensome, or oppressive for any reason, regardless of whether it contains Confidential Information; and (iii) an objection based on any privilege or qualified privilege, including a privilege or qualified privilege that pertains to Confidential Information.

18. More specifically, the Defendants reserve (and do not waive) the right to object to any discovery request insofar as it encompasses material or information that is the subject of a privilege or qualified privilege under Fed.R.Evid. 501, including a qualified privilege based on a statute or regulation concerning confidentiality or nondisclosure of materials or information (such as, without limitation, the various statutes described in Paragraphs 3-7, *supra*).

19. Notwithstanding that this Order does not require any Party or their counsel to redact Confidential Information prior to production or disclosure to counsel for another Party having an appearance in this Action, nothing herein shall prevent pre-disclosure redaction by the disclosing Party or their counsel for the purpose of effectuating an asserted discovery privilege.

20. Nothing herein, however, shall be construed as waiving any Party's right to object to object to the admissibility in evidence of any information or material discovered or produced pursuant to this Order.

21. In the event that formal discovery under the Rules of Federal Procedure is requested from any third party in connection with this Action, by subpoena or otherwise, all terms of this Order shall apply to the third party's disclosure of Confidential Information in response to such request as if they were named above and referred to herein as a Party. Those terms include, however, the right set forth in Paragraph 16, *supra*, to apply to this Court for relief from, enforcement of, and/or modification of this Order, and/or for additional protective orders.

22. This Order shall remain in full force and effect until modified, superseded, or terminated by order of the Court, or terminated by mutual consent of all parties, without regard to the conclusion of this litigation or any subsequent appeals. All paper copies, as well as electronic copies in e-discovery databases, of material including Confidential Information that has been disclosed to counsel for a party pursuant to this Order must either be returned to the providing party

by the recipient party or destroyed by the recipient party when this litigation and all subsequent appeals conclude, as provided in 45 CFR § 164.512(e)(1)(v)(B). Counsel shall make best efforts to return or destroy all other electronic copies stored in any electronic file or electronic or web-based storage system or database of materials that contain Confidential Information that has been disclosed to them by counsel for another party pursuant to this Order.

23. Nothing in this Order shall preclude disclosure to persons who counsel for the parties believe in good faith to have, or have had, prior access to the Confidential Information before its disclosure pursuant to this Order.

Dated: March 16, 2023

By the Court:

~~Patti B. Saris~~ JENNIFER C. BOAL
United States ~~District~~ Judge
MAGISTRATE

# EXHIBIT A

# PROTECTIVE ORDER AGREEMENT

I have read the Protective Order issued by the United States District Court for the District of Massachusetts in *Simmons, et al. v. Healey, et al.*, Civil Action No. 1:22-cv-11715. I understand the terms of the Order and agree to be fully bound by its terms. I further agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcing the Order.

_____  _____
Printed Name                                                                  Signature

Date: _____