# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID MARSTERS, by his next friend, Nancy Pomerleau; LORRAINE SIMPSON, by her guardian, Sara Spooner; SHERRI CURRIN, by her guardian, Sara Spooner; CAROLE CHOJNACKI, by her guardian, Sara Spooner; RICHARD CAOUETTE, by his guardian, Sara Spooner; DONALD GRANT, by his guardian, Sara Spooner, on behalf of themselves and other similarly situated persons; and MASSACHUSETTS SENIOR ACTION COUNCIL, <br><br> Plaintiffs, <br><br> v. <br><br> MAURA HEALEY, in her official capacity as Governor of the Commonwealth of Massachusetts; KATE WALSH, in her official capacity as Secretary, Executive Office of Health and Human Services; MATTHEW GORZKOWICZ, in his official capacity as Secretary of the Executive Office of Administration and Finance; ELIZABETH CHEN, in her official capacity as Secretary, Executive Office of Elder Affairs; and MICHAEL LEVINE, in his official capacity as Assistant Secretary of MassHealth, <br><br> Defendants. | CIVIL ACTION NO. 1:22-cv-11715-NMG |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

The Plaintiffs and Defendants (hereafter "the Parties") jointly move for preliminary approval of the Settlement Agreement, attached hereto as Exhibit 1; for provisional certification of a settlement class; for approval of a Notice to Class Members and Summary Notice to Class Members, attached hereto as Exhibits 2-3; and for establishment of a schedule for final approval of the Settlement Agreement. In support of this Motion, the Parties state as follows:

1

1. On October 11, 2022, the Plaintiffs filed this lawsuit on behalf of six individuals with disabilities who were admitted to nursing facilities in Massachusetts, the Massachusetts Senior Action Council (MSAC), and a putative class, alleging violations of Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and several provisions of the Medicaid Act. The Plaintiffs sought to require that the Commonwealth provide the Plaintiffs and class members with information and opportunities to afford them a choice of transitioning to the community, with residential services and supports that would allow them to live in integrated settings in the community, and for people with serious mental illness, with specialized services in nursing facilities.

2. On January 16, 2023, the Defendants filed an Answer denying all liability under the relevant federal laws.

3. The Court established a pre-trial schedule on May 3, 2023. In late September 2023, the Parties agreed to mediate the case. After the Parties completed motion practice in October 2023, the Parties engaged in extensive mediation with the help of a jointly selected mediator, Eric Van Loon. After more than twenty-four mediation sessions between October 20, 2023 and March 22, 2024, the Parties reached a final Settlement Agreement, which was executed by all principals as of March 22, 2024.

4. The Settlement Agreement provides a comprehensive set of actions that the Commonwealth will undertake over an eight-year period to provide informed choice, case management services, specialized services, and residential services and supports necessary to transition no fewer than 2,400 class members from nursing facilities to the community. Specifically, as set forth in the Agreement, the Commonwealth will:

      a.      Provide all people with disabilities in nursing facilities with in-reach, information, opportunities, and support to assist them in making an informed choice about whether to transition from a facility to the community, which will be provided through the Commonwealth's Community Transition Liaison Program operated by the Executive Office of Elder Affairs (Sec. II.A, ¶¶3-16); the Money Follows the Person program operated by the Executive Office of Health and Human Services' Office of MassHealth (Sec. II.B, ¶¶17-24); and an expanded case management program operated by the Department of Mental Health (Sec. II.C, ¶¶25-35);

      b.      Provide transition planning and assistance to all people with disabilities in nursing facilities who are interested in living in the community through these same programs (*Id*);

      c.      Provide specialized and other behavioral health services, and service coordination, to people with serious mental illness (Sec. III ¶¶36-45);

      d.      Provide residential services, and/or non-residential services with housing supports, and/or home modifications so that no fewer than 2,400 class members in nursing facilities can transition to the community over an eight-year period (Sec. IV, ¶¶46-54; VI,¶¶58-64);

      e.      Provide services in nursing facilities to assist people with disabilities to transition to the community (Sec. V, ¶¶55-57);

      f.      Collect and share data concerning the provisions and implementation of the Agreement (Sec. VII.A, ¶¶65-68); and

      g.      Condition obligations under the Agreement to appropriations by the Legislature (Sec. VIII, ¶69).

      5.      The Settlement Agreement also includes provisions for approval of the Agreement (Sec. IX.A, ¶¶70-78), payments of attorneys' fees (Sec. IX.A, ¶75), voluntary

dismissal of the Complaint (Sec. IX.B, ¶¶79-81), implementation of the Agreement (Sec. IX.C, ¶¶82-85), a dispute resolution process and ongoing jurisdiction of the Court to consider proposed modifications and enforcement of the Agreement in accordance with the dispute resolution requirements (Sec. IX.D & E, ¶¶86-95), and termination of the Agreement (Sec. IX.E, ¶¶94-95). Finally, it includes a provision on release of claims (Sec. X, ¶¶96-99) and various miscellaneous terms (Sec. XI, ¶¶100-09).

6. The Settlement Agreement proposes that the Court certify a class for settlement purposes, pursuant to Fed. R. Civ. P. 23(e), that includes:

> "All present or future Medicaid-eligible persons who: (i) are Massachusetts residents, (ii) have attained age 22, (iii) reside (at any time before the Termination Date) in a nursing facility within the Commonwealth for 60 days or more, and (iv) either (a) have a "disability" as defined in the ADA and are qualified for and would not oppose transition to a community-based setting, or (b) have PASRR SMI as determined pursuant to a Level II PASRR evaluation."

7. The Parties agree that the proposed class satisfies each of the requirements of Fed. R. Civ. P. 23(a) and (b)(2), and therefore should be provisionally certified at this point.

8. The Plaintiffs previously provided extensive briefing and evidentiary support in support of class certification, describing how a similar class satisfied each of the elements of Rule 23. ECF No. 76. While the Defendants do not endorse the arguments set forth therein, they do not challenge the appropriateness under Rule 23 of certifying a class, as defined above, for the purposes of settlement.

9. At the preliminary approval stage, the Court need not make a final determination regarding the fairness, reasonableness and adequacy of a proposed settlement pursuant to Fed. R. Civ. P. 23(e); rather, the Court need only determine whether it falls within the range of possible approval. *Scott v. First Am. Title Ins. Co.,* No. 06–286, 2008 WL 4820498 at *3 (D.N.H.2008);

*see In Re Warfarin Sodium Antitrust Litig.,* 391 F.3d 516, 534–35 (3d Cir.2004); *see also Colella v. Univ. of Pittsburgh,* 569 F.Supp.2d 525, 527 (W.D.Pa.2008). An illegal or collusive settlement agreement will not fall within the range of possible approval. For purposes of preliminary approval, the court considers whether the proposed settlement is illegal or collusive. *Tenn. Assoc. of Health Maintenance Orgs., Inc. v. Grier,* 262 F.3d 559, 565 (6th Cir.2001). If the proposed settlement appears to meet the standard of being fair, reasonable, and adequate, it may be approved, preliminarily, as within the range of possible approval. *See Colella v. Univ. of Pittsburgh,* 569 F.Supp.2d 525, 527 (W.D.Pa.2008).

10. The Settlement Agreement was entered into through arms-length negotiations, by highly experienced counsel for the Parties, and provides significant benefits for the Plaintiffs and members of the class, without the risk and expense of further litigation. As such, it is a fair and reasonable resolution of the litigation. *See In re Pharma. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 33 (1st Cir. 2009) (a settlement is entitled to a presumption of reasonableness when it is achieved through an arm's-length negotiation by experienced counsel).

11. Because the Settlement Agreement will provide significant benefits to the proposed class, but also binds members of the proposed class pursuant to the release provisions, notice to the proposed class is appropriate. *See* Fed. R. Civ. P. 23(e)(1)(A).

12. The Parties have agreed upon a proposed Notice to Class Members, attached hereto as Exhibit 2, that will be distributed to all Aging Service Access Points administered by the Commonwealth's Executive Office of Elder Affairs; the Independent Living Centers, administered by the Commonwealth's Executive Office of Health and Human Services; and various disability and social service organizations identified by the Plaintiffs on a list attached

hereto as Exhibit 4.  Plaintiff Massachusetts Senior Action Council will share the Notice with its members.  Defendants will also mail the Notice to Massachusetts nursing facilities, with instructions to distribute copies to all residents.  In addition, the Defendants will ensure the publication of the Summary Notice, attached hereto as Exhibit 3, in the major newspapers of the Commonwealth that are included on the list provided by the Plaintiffs that is attached hereto as Exhibit 5.  The Notices include both contact information for Plaintiffs' counsel who can respond to questions or concerns from individuals in nursing facilities, and a name and address to send any formal objections that are filed with the Court.  The Plaintiffs' counsel will share copies of any such objections, if any, with Defendants' counsel on a weekly basis.

13.     A court should approve notice to the class pursuant Rule 23(e)(1)(A), as part of the preliminary approval process, based upon information provided to the Court sufficient to determine that notice is appropriate.  The Parties' proposed notice and process for distributing the notice to individuals with disabilities in nursing facilities, is reasonably calculated to reach absent class members.  *See Reppert v. Marvin Lumber & Cedar Co., Inc.*, 359 F.3d 53, 56 (1st Cir. 2004).

14.     The Parties propose the following schedule for the fairness hearing, in an effort to accommodate the Court's schedule and to allow for final approval by the end of this fiscal year (June 30, 2024).

      a.     Notice distributed and published: April 30, 2024

      b.     Objections filed: May 31, 2024

      c.     Memoranda in support of final approval filed: June 3, 2024

      d.     Fairness hearing: June 17, 2024

WHEREFORE, the Parties request that the Court preliminarily approve the Settlement Agreement, provisionally certify the class and provisionally appoint Plaintiffs' counsel to represent the class, approve the Notices to Class Members attached hereto, and establish the above schedule for the fairness hearing.

        Respectfully submitted,

/s/ *Steven J. Schwartz*
Steven J. Schwartz (Bar No. 448440)
Kathy Walker (Pro hac vice)
Center for Public Representation
5 Ferry Street
Easthampton, MA 01027
413-586-6024
Email: sschwartz@cpr-ma.org
Email: kwalker@cpr-ma.org

Deborah Filler (Bar No. 545478)
Luc Figueiredo Miller (Bar No. 711863)
Gary Klein (Bar No. 560769)
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
Email: dfiller@gbls.org
Email: LFigueiredoMiller@gbls.org
Email: gklein@gbls.org

Regan Bailey (Pro hac vice)
Eric Carlson (Pro hac vice)
Justice in Aging
1444 I Street, NW, Suite 1100
Washington, DC  20005
Phone: (202) 683-1990
E-mail: rbailey@justiceinaging.org
E-mail: ecarlson@justiceinaging.org

Dean Richlin (Bar No. 419200)
Kristyn Bunce DeFilipp (Bar No. 676911)
Jeremy Meisinger (Bar No. 688283)
Andrew London (Bar No. 690782)
Foley Hoag LLP

        155 Seaport Blvd., #1600
        Boston, MA 02210
        Email: drichlin@foleyhoag.com
        Email: KBunceDeFilipp@foleyhoag.com
        Email: jmeisinger@foleyhoag.com
        Email: alondon@foleyhoag.com

*Attorneys for Plaintiffs*

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

/s/ *Jennifer E. Greaney*
Jennifer E. Greaney, BBO No. 643337
Vanessa A. Arslanian, BBO No. 688099
Christine Fimognari, BBO No. 703410
Grace Gohlke, BBO No. 704218
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108-1698
(617) 963-2981
(617) 963-2107
(617) 963-2206
(617) 963-2527
jennifer.greaney@mass.gov
vanessa.arslanian@mass.gov
christine.fimognari@mass.gov
grace.gohlke@mass.gov

*Attorneys for the Defendants*

April 16, 2024

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day the above document was filed electronically and served by mail on anyone unable to accept electronic filing.

                                          */s/ Andrew London*
                                          Andrew London

April 16, 2024

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID MARSTERS, )<br>by his next friend, Nancy Pomerleau; )<br>LORRAINE SIMPSON, by her guardian, Sara Spooner; )<br>SHERRI CURRIN, by her guardian, Sara Spooner; )<br>CAROLE CHOJNACKI, by her guardian, Sara Spooner; )<br>RICHARD CAOUETTE, by his guardian, Sara Spooner; )<br>DONALD GRANT, by his guardian, Sara Spooner, )<br>on behalf of themselves )<br>and other similarly situated persons; and )<br>MASSACHUSETTS SENIOR ACTION COUNCIL, )<br> )<br>       Plaintiffs, )<br> )<br>v. )<br> )<br>MAURA HEALEY, in her official capacity )<br>as Governor of the Commonwealth of Massachusetts; )<br>KATE WALSH, in her official capacity )<br>as Secretary, Executive Office of Health and )<br>Human Services; )<br>MATTHEW GORZKOWICZ, in his official capacity )<br>as Secretary of the Executive Office of Administration )<br>and Finance; )<br>ELIZABETH CHEN, in her official capacity as )<br>Secretary, Executive Office of Elder Affairs; )<br>and MICHAEL LEVINE, in his official capacity )<br>as Assistant Secretary of MassHealth, )<br> )<br>       Defendants. ) | CIVIL ACTION NO.<br>1:22-cv-11715-NMG |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT**

The Court, having reviewed the proposed Settlement Agreement in this matter, the Parties' Motion for Preliminary Approval, and the Parties' proposed Notice to Class Members and Summary Notice, both of which are attached hereto as Exhibits 2 and 3, hereby Orders that:

    1.    The proposed Settlement Agreement is preliminarily approved as fair and reasonable;

1

2. The proposed class is provisionally certified as a settlement class pursuant to Fed. R. Civ. P. 23(e) and the following are provisionally appointed as class counsel: the Center for Public Representation, Justice in Aging, Greater Boston Legal Services, and Foley Hoag LLP.

3. The proposed Notice to Class Members and Summary Notice are approved. Within ten days of this Order, the Defendants shall mail a copy of the Notice to: (i) nursing facilities, with instructions to distribute copies to all residents; (ii) Aging Service Access Points; (iii) Independent Living Centers; and (iv) a list of advocacy and service organizations working with people with disabilities identified by the Plaintiffs and attached hereto as Exhibit 4. The Defendants shall also ensure the publication of the Summary Notice in the major newspapers in the Commonwealth that are listed on Exhibit 5 hereto.

3. The Court establishes the following schedule for approval of the Settlement Agreement:

    a. Notice distributed: April 30, 2024 and published: May 7, 2024

    b. Objections filed: May 31, 2024

    c. Memoranda in support of final approval filed: June 3, 2024

    d. Fairness hearing: June 17, 2024

So ORDERED.

DATED:

                                                Honorable Nathaniel M. Gorton