UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID MARSTERS, <br> by his next friend, Nancy Pomerleau; <br> LORRAINE SIMPSON, by her guardian, Sara Spooner; <br> SHERRI CURRIN, by her guardian, Sara Spooner; <br> CAROLE CHOJNACKI, by her guardian, Sara Spooner; <br> RICHARD CAOUETTE, by his guardian, Sara Spooner; <br> DONALD GRANT, by his guardian, Sara Spooner, <br> on behalf of themselves <br> and other similarly situated persons; and <br> MASSACHUSETTS SENIOR ACTION COUNCIL, <br><br> Plaintiffs, <br><br> v. <br><br> MAURA HEALEY, in her official capacity <br> as Governor of the Commonwealth of Massachusetts; <br> KATE WALSH, in her official capacity <br> as Secretary, Executive Office of Health and <br> Human Services; <br> MATTHEW GORZKOWICZ, in his official capacity <br> as Secretary of the Executive Office of Administration <br> and Finance; <br> ELIZABETH CHEN, in her official capacity as <br> Secretary, Executive Office of Elder Affairs; <br> and MICHAEL LEVINE, in his official capacity <br> as Assistant Secretary of MassHealth, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:22-cv-11715-NMG |

**JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT, CERTIFICATION OF SETTLEMENT CLASS AND AWARD OF ATTORNEYS' FEES**

The Plaintiffs and Defendants (hereafter "the Parties") jointly move for final approval of the Settlement Agreement, for certification of a settlement class, and for an award of attorneys' fees. In support of this Motion, the Parties state as follows:

1

1.      On April 22, 2024, the Court preliminarily approved the Settlement Agreement, provisionally certified a settlement class, approved a Notice to Class Members and a Summary Notice, and established a schedule for the fairness hearing.  *See* ECF # 156.

2.      On or before April 30, 2024, the Defendants disseminated the Notice and arranged for the publication of the Summary Notice, as required by the Court's Order and as provided by ¶70 of the Settlement Agreement.

3.      In response to the Notice, 5 people submitted written objections, including: Mary E. Klein (on behalf of David R. Klein, hereafter the "Klein Objection"), Beth Tafler (on behalf of Harold Tafler, hereafter the "Tafler Objection"), Sylvia Quatrale (on behalf of Gregory Buchanan, hereafter the "Buchanan Objection"), Richard Davies (the "Davies Objection"), and Kenyon King (the "King Objection").[1]

4.      The Settlement Agreement was entered into through arms-length negotiations, by highly experienced counsel for the Parties, and provides significant benefits for the Plaintiffs and members of the class, without the risk and expense of further litigation.  As such, it is a fair and reasonable resolution of the litigation.  The objections submitted do not undermine the appropriateness or reasonableness of the Settlement Agreement.  The Buchanan Objection primarily objects to the manner in which the Notice was provided to Mr. Buchanan by his nursing facility without explanation, and it raises several questions about how services will be provided in the community.  The Klein, Tafler, Davies, and King Objections all express a desire to remain resident in a nursing facility.  The Settlement Agreement does not require any individual to leave a nursing facility, and, in fact, defines the class to only include individuals

---

[1] Other individuals submitted comments via letter or phone call, but these did not express objection to the Settlement Agreement, so they are not addressed herein.

who would not oppose transition to the community or who have a mental illness determined by the PASRR process. Thus, at least from the information provided in the objections by all of these individuals or guardians, they are not likely to be in the plaintiff class. In any event, they are not required by the Settlement Agreement to leave their nursing facility or to participate in the programs and services provided by the Settlement Agreement. Accordingly, and for additional reasons set forth in the Plaintiffs' memoranda of law in support of this motion, the Court should approve the Settlement Agreement as fair and reasonable.[2]

5. The Court should permanently certify a settlement class, as agreed to by the Parties and as provisionally certified pursuant to its April 22 Order, which is defined as follows:

> "All present or future Medicaid-eligible persons who: (i) are Massachusetts residents, (ii) have attained age 22, (iii) reside (at any time before the Termination Date) in a nursing facility within the Commonwealth for 60 days or more, and (iv) either (a) have a "disability" as defined in the ADA and are qualified for and would not oppose transition to a community-based setting, or (b) have PASRR SMI as determined pursuant to a Level II PASRR evaluation."

6. The settlement class satisfies all of the requirements of Fed. R. Civ. P. 23.

7. Pursuant to ¶75 of the Settlement Agreement, the Parties have agreed that the Defendants will pay the Plaintiffs the amount of $1,800,000 in attorneys' fees and costs, for legal work and litigation expenses incurred through the Approval Date of the Agreement. The Court should approve this amount as fair and reasonable.

WHEREFORE, the Parties request that the Court finally approve the Settlement Agreement, permanently certify the settlement class and appoint Plaintiffs' counsel to represent the class, and award Plaintiffs $1,800,000 in attorneys' fees and costs. For the convenience of

---

[2] The Defendants have not reviewed the Plaintiffs' Memorandum in Support of Final Approval and, for that reason, do not join in it. The Defendants agree, however, that the Settlement Agreement is fair and reasonable and should be approved by the Court.

the Court, the Parties respectfully submit the proposed Order Approving Settlement Agreement, Certification of Settlement Class and Award of Attorneys' Fees that is attached hereto as Exhibit A.

Respectfully submitted,

*/s/ Steven J. Schwartz*
Steven J. Schwartz (Bar No. 448440)
Kathy Walker (Pro hac vice)
Center for Public Representation
5 Ferry Street
Easthampton, MA 01027
413-586-6024
Email: sschwartz@cpr-ma.org
Email: kwalker@cpr-ma.org

Deborah Filler (Bar No. 545478)
Luc Figueiredo Miller (Bar No. 711863)
Gary Klein (Bar No. 560769)
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
Email: dfiller@gbls.org
Email: LFigueiredoMiller@gbls.org
Email: gklein@gbls.org

Regan Bailey (Pro hac vice)
Eric Carlson (Pro hac vice)
Justice in Aging
1444 I Street, NW, Suite 1100
Washington, DC  20005
Phone: (202) 683-1990
E-mail: rbailey@justiceinaging.org
E-mail: ecarlson@justiceinaging.org

Dean Richlin (Bar No. 419200)
Kristyn Bunce DeFilipp (Bar No. 676911)
Jeremy Meisinger (Bar No. 688283)
Andrew London (Bar No. 690782)
Jack C. Smith (Bar No. 712045)
Foley Hoag LLP
155 Seaport Blvd., #1600
Boston, MA 02210

4

        Email : drichlin@foleyhoag.com
        Email : KBunceDeFilipp@foleyhoag.com
        Email : jmeisinger@foleyhoag.com
        Email: alondon@foleyhoag.com
        Email: jcsmith@foleyhoag.com

*Attorneys for Plaintiffs*

        ANDREA JOY CAMPBELL
        ATTORNEY GENERAL

        */s/ Jennifer E. Greaney*
        Jennifer E. Greaney, BBO No. 643337
        Vanessa A. Arslanian, BBO No. 688099
        Christine Fimognari, BBO No. 703410
        Grace Gohlke, BBO No. 704218
        Assistant Attorneys General
        Office of the Attorney General
        One Ashburton Place
        Boston, MA 02108-1698
        (617) 963-2981
        (617) 963-2107
        (617) 963-2206
        (617) 963-2527
        jennifer.greaney@mass.gov
        vanessa.arslanian@mass.gov
        christine.fimognari@mass.gov
        grace.gohlke@mass.gov

*Attorneys for the Defendants*

June 3, 2024

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above document was filed electronically and served by mail on anyone unable to accept electronic filing.

                                                   */s/ Jack C. Smith*
                                                   Jack C. Smith

June 3, 2024