# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID MARSTERS,<br>by his next friend, Nancy Pomerleau;<br>LORRAINE SIMPSON, by her guardian, Sara Spooner;<br>SHERRI CURRIN, by her guardian, Sara Spooner;<br>CAROLE CHOJNACKI, by her guardian, Sara Spooner;<br>RICHARD CAOUETTE, by his guardian, Sara Spooner;<br>DONALD GRANT, by his guardian, Sara Spooner,<br>on behalf of themselves<br>and other similarly situated persons; and<br>MASSACHUSETTS SENIOR ACTION COUNCIL,<br><br>      Plaintiffs,<br><br>      v.<br><br>MAURA HEALEY, in her official capacity<br>as Governor of the Commonwealth of Massachusetts;<br>KATE WALSH, in her official capacity<br>as Secretary, Executive Office of Health and<br>Human Services;<br>MATTHEW GORZKOWICZ, in his official capacity<br>as Secretary of the Executive Office of Administration<br>and Finance;<br>ELIZABETH CHEN, in her official capacity as<br>Secretary, Executive Office of Elder Affairs;<br>and MICHAEL LEVINE, in his official capacity<br>as Assistant Secretary of MassHealth,<br><br>      Defendants. | CIVIL ACTION NO.<br>1:22-cv-11715-NMG |

## [PROPOSED] ORDER APPROVING SETTLEMENT AGREEMENT, CERTIFICATION OF SETTLEMENT CLASS AND AWARD OF ATTORNEYS' FEES

The Court, having reviewed the proposed Settlement Agreement in this matter and the Parties' Joint Motion for Final Approval, hereby Orders that:

1. The Settlement Agreement is finally approved as fair, reasonable, and adequate.

2. In making the final determination that the Settlement Agreement is fair, reasonable, and adequate, the Court has considered the factors set forth in Fed. R. Civ. P.

1

23(e)(2) and balanced the advantages and costs of the settlement against continued litigation. *See Robinson v. Nat'l Student Clearinghouse*, 14 F.4th 56, 59 (1st Cir. 2021); *Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009). The relief provided in the Settlement Agreement to Class Members is comprehensive and detailed; fairly, reasonably, and adequately remedies the injuries alleged; and treats class members equitably relative to one another. Class counsel conducted an initial investigation of the Commonwealth's services system before filing the litigation, and adequate discovery thereafter, prior to engaging in arm's length negotiations. Class counsel are competent attorneys with significant experience in litigating, negotiating, and implementing class action system reform cases, and the class representatives adequately represent the class. The litigation risks and legal uncertainty associated with continued litigation for both parties support the conclusion that settlement is preferable. Finally, considering the above findings, any objections filed regarding the Settlement Agreement cannot overcome the presumption of reasonableness. *See Cohen v. Brown Univ.*, 16 F.4th 935, 951 (1st Cir. 2021).

3. The proposed class is permanently certified as a settlement class pursuant to Fed. R. Civ. P. 23(e), comprised of:

> "All present or future Medicaid-eligible persons who: (i) are Massachusetts residents, (ii) have attained age 22, (iii) reside (at any time before the Termination Date) in a nursing facility within the Commonwealth for 60 days or more, and (iv) either (a) have a "disability" as defined in the ADA and are qualified for and would not oppose transition to a community-based setting, or (b) have PASRR SMI as determined pursuant to a Level II PASRR evaluation."

4. The Court, having considered the factors required by Fed. R. Civ. P. 23(g) and the qualifications, experience, and knowledge of each class counsel, as set forth in their Memorandum in Support of Class Certification, ECF 76, hereby appoints the Center for Public Representation, Greater Boston Legal Services, Justice in Aging, and Foley

Hoag LLP as class counsel. The Court further finds that class counsel will fairly and adequately represent the interests of the class.

5.   The Court retains jurisdiction to enforce and modify the Settlement Agreement, and resolve any disputes that arise in connection therewith, consistent with its terms.

6.   The Plaintiffs are awarded $1,800,000 in attorneys' fees and costs for legal work and expenses through this date, as is agreed upon by the Parties and as determined by the Court to be fair and reasonable. In making the foregoing award, the Court finds that: (1) the amount of time expended by class counsel, as significantly reduced in the agreed-to amount, is reasonable in light of the complexity and novelty of this case; (2) class counsel's hourly rates, as reduced in the agreed-to amount, are reasonable in the context of this case; (3) that the lodestar, as further reduced in the agreed-to amount, is fair and reasonable given the results obtained for the class; and (4) that the costs included in the agreed-to amount are reasonable and necessary in light of the litigation. The Defendants shall make reasonable efforts to obtain funds to pay the agreed-to amount of attorneys' fees and costs (i.e., $1,800,000) to the Center for Public Representation at the earliest possible date.

SO ORDERED.

DATED: 06/17/2024

/s/ Nathaniel M. Gorton
_____
Honorable Nathaniel M. Gorton